UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| LYNELL WILLIS, JR. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:21-CV-28-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION | ) | |
| OF E-TOWN, KY | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This is a *pro se* action initiated by Plaintiff Lynell Willis, Jr. Upon review of Plaintiff's application to proceed without prepayment of fees, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application [R. 4] is **GRANTED**.

**I.**

Plaintiff completed a Court-supplied civil complaint form. He names the "Social Security Administration of E-Town, Ky" as the Defendant in this action. Under the "Amount in Controversy" section of the complaint form, he writes: "Failure to investigate material property such as incidents happening terroristic (lead) acts, any legal (happened abuse) soc. sec. fraud, hate crimes, providence of legal aid, and unwilling to discuss and [illegible] a patients truth & failure to supply legal representation for a successful outcom[e.]" In the "Statement of the Claim" section of the complaint form, Plaintiff states:

> Since 1st payout evaluation Dept. has failed to investigate the surcumetances above. I've been left feeling stalked, harmed, etc, etc, willing to give out monies owed that I feel not owed, [illegible] has been based by gene snyder judges, opposed to 6th district authoirtion & police officers and their families. The state officers are not

willing to corperate in reasonable civil suits, since then been a resident since 1989 and traveler since 1973, judge are not real, disrespectful, racists, want lockup[.]

In the "Relief" section of the complaint form, Plaintiff writes, "Acknolwdgement of kidnapp, party [illegible] w/ live in family (discriminating against 2021 law suits) In court hearing with defendants, seeking removal & possible incarsuration on knowledge of terroristic note with Dad of 2nd party involved. 220,000. a year[.]"

## II.

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. The Court finds that this action must be dismissed because the allegations set forth in the complaint are frivolous.

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.

1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The allegations in Plaintiff's complaint meet this standard as well. The instant action, therefore, must also be dismissed for lack of subject-matter jurisdiction.

For the reasons above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that this case is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and for lack of subject-matter jurisdiction under Rule 12(b)(1) in accordance with *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

There being no just reason for delay in its entry, this is a **final Order**.

This Court further **certifies** that an appeal *in forma pauperis* would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

This the 3rd day of February, 2021.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
     Defendant
A961.011